UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD BURRELL, | ) | 1:12CV1875 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE JAMES S. GWIN |
| v. | ) | (Mag. Judge Kenneth S. McHargh) |
| | ) | |
| COURT OF COMMON PLEAS, | ) | |
| Cuyahoga County, | ) | |
| | ) | |
| Respondent | ) | REPORT AND |
| | ) | <u>RECOMMENDATION</u> |

McHARGH, MAG. JUDGE

The petitioner Ronald Burrell ("Burrell") filed a petition through counsel for a writ of habeas corpus arising out of his 2011 conviction for theft, in the Cuyahoga County (Ohio) Court of Common Pleas. (Doc. 1.) The respondent is named as the Probation Department, Court of Common Pleas, Cuyahoga County. In his petition, Burrell raises two grounds for relief:

> 1. Fourteenth Amendment: Petitioner's conviction was insufficient as a matter of law and violative of the Due Process Clause of the Fourteenth Amendment because petitioner was convicted of theft by deception as to a named individual, Anna Woods. However, Anna Woods testified that she had never met with, spoke to or had any dealings with petitioner.
>
> 2. Sixth Amendment: Petitioner was denied his right to the assistance of counsel when the trial court precluded petitioner's counsel to argue to the jury concerning the effects of a bankruptcy filing.

(Doc. 1, § 12.) The respondent has filed a Return of Writ (doc. 6), and Burrell has filed a Traverse (doc. 7).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court of appeals set forth the following factual and procedural background:

> According to the record, on November 4, 2009, defendant entered into a residential lease agreement FN1 with Coretta Johnson, Square Harris, and Dominique Johnson (the "tenants") concerning the property located at 1414 E. 221st Street in Euclid, Ohio (the "property").
>
> It is undisputed that defendant never owned the property.
>
> Anna Woods testified that she has owned the property since 1992. After receiving foreclosure notices, Ms. Woods moved out of the property sometime in 2006. Ms. Woods further testified that she filed bankruptcy on two different occasions in an effort to keep her house. Ms. Woods said she thought she was losing the property to foreclosure and she did nothing with the property for a period of time. Upon discovering that there was someone occupying the property, Ms. Woods contacted her attorney and was advised that she still owned it and that there was a warrant out for her arrest for failing to register it as a rental property. Ms. Woods insisted that she never rented the property to anyone and never gave anyone else permission to do so. She had never met defendant and could not identify him from a photo lineup.
>
> An inspector from Euclid had cited the property for code violations and discovered that the tenants had entered a lease agreement with defendant. The inspector notified the assistant law director, who discovered from county records that Ms. Woods was still listed as the owner of the property. The assistant law director eventually met with Ms. Woods and was told that she had not rented out the property; nor had she given anyone else permission to rent it. The assistant law director then contacted defendant who claimed he had a management

> agreement with Ms. Woods that authorized him to enter the rental agreement with the tenants. However, when defendant met with the assistant law director, he admitted he did not have the agreement and felt he could do whatever he pleased with the property since it was the subject of a foreclosure action. He then proceeded to complete an Application for Certificate of Rental Occupancy and paid the associated fee. Defendant signed the application alleging to be the legal agent of Anna Woods.
>
> Defendant later met with Detective Roose and claimed he had Ms. Woods's verbal permission to rent the property. He told Det. Roose that he asked Ms. Woods if he could have the property and she allegedly said yes. Although defendant said he could identify Ms. Woods, he could not identify her when presented with a photo array that contained her picture.
>
> Coretta Jackson said she was required to pay $600.00 a month pursuant to her lease agreement with defendant. She recalled making at least two payments to defendant by way of money orders and cash. Det. Roose testified that defendant acknowledged receiving $1,130.00 in rental payments from the tenants; none of which was given to Ms. Woods.
>
> At sentencing, defendant stated that he undertook to repair and rent the property because it was negatively effecting the value of his home that was next door to it. Defendant believed the property was abandoned. He, however, acknowledged that he should not have put the tenants in the property. The trial court did not find defendant's explanation to be credible. After confirming that defendant had retained his counsel, the court imposed a fine of $2,000.00 and court costs and defendant did not object. Defendant further confirmed on the record that he was not indigent.
>
> The trial court's journal entry contained an order of restitution of $1,130.00 that is not contained in the sentencing transcript.

(Doc. 6, RX 7, at 2-5; State v. Burrell, No. 96123, 2011 WL 5320668, at *1-*2 (Ohio Ct. App. Nov. 3, 2011) (footnotes omitted).)

Burrell filed a timely direct appeal of his conviction through counsel, which raised the following five assignments of error:

3

> 1. Defendant was denied due process of law when the court overruled the motion for judgment of acquittal as to theft by deception involving Anna Woods and/or Washington Mutual..
>
> 2. Defendant was denied due process of law and the right to assistance of counsel when the court precluded argument concerning the effect of bankruptcy.
>
> 3. Defendant was denied due process of law when the court ordered restitution in its sentencing entry but not at its oral pronouncement of sentence.
>
> 4. Defendant was denied due process of law when the court ordered restitution.
>
> 5. Defendant was denied due process of law when the court assessed restitution, fine and court costs without considering the statutory criteria.

(Doc. 6, RX 5.)  On Nov. 3, 2011, the court of appeals affirmed his conviction, but remanded on the third and fifth assignments of error, directing the trial court to address the matter of restitution in open court.  (Doc. 6, RX 7, at 10, 12-13; Burrell, 2011 WL 5320668, at *4-*5.)

Burrell filed a timely appeal to the Supreme Court of Ohio.  (Doc. 6, RX 10.) He set forth the following propositions of law:

> 1.  A defendant may not be constitutionally convicted on theft by deceptions of a named individual when that individual states that she had never met, spoke with or had any dealings with the defendant.
>
> 2.  A defendant has been denied due process of law and the right to the assistance of counsel when the court precludes argument concerning the effect of a bankruptcy filing.
> 3.  A defendant has been denied due process of law when the court orders restitution without a determination as to the economic loss to a victim.

4

>  4. A defendant has been denied due process of law when the court orders restitution, a fine and court costs without considering the appropriate statutory criteria.

(Doc. 6, RX 11.) On March 21, 2012, the state high court denied leave to appeal, and dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, RX 13; State v. Burrell, 131 Ohio St.3d 1486, 963 N.E.2d 825 (2012).)

Burrell filed a timely petition for a writ of habeas corpus. (Doc. 1.) The respondent filed a Return of Writ (doc. 6), and Burrell filed a Traverse (doc. 7).

## II.  HABEAS CORPUS REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, which provides the standard of review that federal courts must apply when considering applications for a writ of habeas corpus. Under the AEDPA, federal courts have limited power to issue a writ of habeas corpus with respect to any claim which was adjudicated on the merits by a state court. The Supreme Court, in Williams v. Taylor, provided the following guidance:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied -- the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-413 (2002). See also Lorraine v. Coyle, 291 F.3d 416, 421-422 (6th Cir. 2002), cert. denied, 538 U.S. 947 (2003).

A state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Williams, 529 U.S. at 405. See also Price v. Vincent, 538 U.S. 634, 640 (2003).

A state court decision is not unreasonable simply because the federal court considers the state decision to be erroneous or incorrect. Rather, the federal court must determine that the state court decision is an objectively unreasonable application of federal law. Williams, 529 U.S. at 410-12; Lorraine, 291 F.3d at 422.

### III. SUFFICIENCY OF THE EVIDENCE

The first ground of the petition alleges a Fourteenth Amendment violation, specifically:

> Petitioner's conviction was insufficient as a matter of law and violative of the Due Process Clause of the Fourteenth Amendment because petitioner was convicted of theft by deception as to a named individual, Anna Woods. However, Anna Woods testified that she had never met with, spoke to or had any dealings with petitioner.

(Doc. 1, § 12.)

The Sixth Circuit has held that a sufficiency of evidence claim should be the first issue ruled on in a habeas petition. Russell v. Anderson, No. 1:07CV3434,

6

2008 WL 4534144, at *3 (N.D. Ohio Oct. 6, 2008) (citing Joseph v. Coyle, 469 F.3d 441, 453-54 (6th Cir. 2006), cert. denied, 549 U.S. 1280 (2007)).

The respondent argues that Burrell's conviction was sufficient as a matter of law, and there is no evidence that his conviction is contrary to or an unreasonable application of clearly established federal law. (Doc. 6, at 5-8.)

The state court of appeals addressed Burrell's claim as follows:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins, 78 Ohio St.3d 380, 386, 1997–Ohio–52, 678 N .E.2d 541.
>
> R.C. 2913.02(A)(3) provides:
> > "(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:
> > " * * *
> > "(3) By deception.
>
> " 'Deception' means knowingly deceiving another or causing another to be deceived by any false or misleading representation, by withholding information, by preventing another from acquiring information, or by any other conduct, act, or omission that creates, confirms, or perpetuates a false impression in another, including a false impression as to law, value, state of mind, or other objective or subjective fact." R.C. 2913.01(A).
>
> First, defendant asserts that the state failed to produce sufficient evidence that he committed theft by deception because he did not know Ms. Woods and therefore could not have possibly deprived her of her property by deception. Defendant's belief that a conviction under this

7

statute requires him to affirmatively deceive the property owner in order to accomplish the theft is mistaken. The theft need only be facilitated by deception of "another." In this case, defendant derived personal gain by renting Ms. Woods's house to third parties without her permission. Coretta Johnson testified that defendant led her to believe he owned the property and had the authority to rent it. The assistant law director also testified that defendant told her he had authority from Ms. Woods to rent the property. By renting the property to the tenants without Ms. Woods's permission and by holding himself out as Ms. Woods's legal agent, defendant exerted control over the property and deprived Ms. Woods of her ability to use or enjoy the property for her own purposes. In fact, Ms. Woods testified that even at the time of trial she was waiting for the tenants to find a new residence so she could move back into the property herself.

Defendant further asserts that the theft claim should have failed because he maintains Ms. Woods had no interest in the property due to her alleged bankruptcy filings.

No evidence besides Ms. Woods's own testimony was provided from which the terms of the bankruptcy could be ascertained; and her testimony on this point was vague and conflicting at times. In any event, Ms. Woods testified that she owned the property and although she at times believed she was going to lose it or had abandoned it in fear of foreclosure, she later discovered that she still owned it. She testified that the bankruptcy was over and she still owned the property. Additionally, the assistant law director testified that the county records reflected Ms. Woods as the owner of the property.

Although defendant suggests that the trial court erred by failing to take judicial notice that bankruptcy under 11 U.S.C. 541(A) caused her property interest to become the property of the bankruptcy estate, the court had no documentation before it that would confirm the nature or type of bankruptcy that had allegedly been filed by Ms. Woods. Further, this court has noted that ' "[i]t is * * * the defendant's relationship to the property which is controlling. The important question is not whether the person from whom the property is stolen was the actual owner, but rather whether the defendant had any lawful right to possession.' * * * The gist of the theft offense is the wrongful taking by the defendant, not the particular ownership of the property." State v. Jones, Cuyahoga App. No. 92921, 2010–Ohio–902, quoting, State v. Rhodes (1982), 2 Ohio St.3d 74, 76, 442 N.E.2d 1299 (other citations omitted).

> There was sufficient evidence from which a rational trier of fact could conclude that defendant committed the theft offense as charged.

(Doc. 6, RX 7, at 5-8; Burrell, 2011 WL 5320668, at *2-*3.)

The state court relied on State v. Thompkins, 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (1997), which followed the sufficiency of evidence standard set forth in Tibbs v. Florida, 457 U.S. 31, 45 (1982), and Jackson v. Virginia, 443 U.S. 307 (1979). (Doc. 6, RX 7, at 5; Burrell, 2011 WL 5320668, at *2.) Thus, the issue is whether the state court decision was an "unreasonable application" of clearly established federal law; in other words, whether the state court identified the correct governing legal principle from Supreme Court decisions, but unreasonably applied that principle to the facts of Burrell's case. Williams, 529 U.S. at 410-412.

Under Supreme Court precedent, a sufficiency of the evidence claim is reviewed by determining whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson, 443 U.S. at 319; Bagby v. Sowders, 894 F.2d 792, 794 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990). As noted above, this was the standard applied by the state appellate court. (Doc. 6, RX 7, at 5; Burrell, 2011 WL 5320668, at *2.) Thus, the state court identified the correct governing legal principle from Jackson v. Virginia.

Under Jackson, the habeas court does not make its own subjective determination of guilt or innocence, but rather examines whether the trial court

9

made a rational decision to convict or acquit. Russell, 2008 WL 4534144, at *3 (citing Herrera v. Collins, 506 U.S. 390, 402 (1993)); Talley v. Hageman, 619 F.Supp.2d 407, 416 (N.D. Ohio 2008) (citing Herrera). This court does not "substitute its determination of guilt for that of the factfinder and may not weigh the credibility of the witnesses." Dover v. Warden, Belmont Corr. Inst., No. 5:08CV2130, 2009 WL 1940728, at *14 (N.D. Ohio July 2, 2009). It is the responsibility of the trier of fact "to reasonably resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Nali v. Phillips, 630 F.Supp.2d 807, 816 (E.D. Mich. 2009).

     A sufficiency of the evidence claim "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." Sanford v. Yukins, 288 F.3d 855, 860 (6th Cir.), cert. denied, 537 U.S. 980 (2002) (quoting Jackson, 443 U.S. at 324 n.16). Thus, the federal court must look to state law to determine the elements of the crime. Cameron v. Birkett, 348 F.Supp.2d 825, 838-839 (E.D. Mich. 2004) (quoting Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999), cert. denied, 528 U.S. 1170 (2000)).

     Burrell argues that the indictment alleged that he "did with purpose to deprive the owner, Anna Woods, and/or Washington Mutual, of money or services, knowingly obtain or exert control over either the property or services by deception," and because the owner was named in the indictment, "the deception must be directed to her and not to some other person." (Doc. 7, at 7.) Burrell concedes that

he was specifically charged with, and convicted of, depriving the owner by deception.

The state court of appeals set forth the elements of the crime, as quoted above. The court went on to point out that the state was not required to prove that Burrell deceived the property owner herself. The statute specified that the theft must be accomplished by the deception of "another." "By renting the property to the tenants without Ms. Woods's permission and by holding himself out as Ms. Woods's legal agent, defendant exerted control over the property and deprived Ms. Woods of her ability to use or enjoy the property for her own purposes." (Doc. 6, RX 7, at 6-7; Burrell, 2011 WL 5320668, at *2.) The court found there was sufficient evidence from which a rational trier of fact could conclude that defendant committed the theft offense as charged. (Doc. 6, RX 7, at 8; Burrell, 2011 WL 5320668, at *3.)

The state court made a rational decision in finding Burrell guilty of theft. The petition should not be granted on the first ground, because Burrell has failed to establish that the state court decision was an unreasonable application of clearly established federal law.

## IV.  SIXTH AMENDMENT VIOLATION

The second ground of the petition alleges a Sixth Amendment violation, to wit:  "Petitioner was denied his right to the assistance of counsel when the trial

11

court precluded petitioner's counsel to argue to the jury concerning the effects of a bankruptcy filing." (Doc. 1, § 12.)

On appeal, Burrell argued this issue for the most part as an evidentiary matter, stressing that counsel should be entitled to great latitude in closing argument, and further that the trial court should have taken judicial notice of the bankruptcy law.  (Doc. 6, RX 5, at 12-13.)  Burrell invoked Herring v. New York, 422 U.S. 853 (1975) in arguing that:  "Any curtailment of full participation, whether by limiting questions or argument, would be a denial of the right to counsel." (Doc. 6, RX 5, at 13; see also doc. 7 (traverse), at 12.)

In Herring, the Supreme Court held that the right of a criminal defendant to present closing argument is derivative of the Sixth Amendment right to counsel. Batey v. Scutt, No. 10-1903, 2012 WL 400590, at *6 (6th Cir. Feb. 8, 2012) (citing Herring, 422 U.S. at 858).  Herring involved a New York statute, which the Supreme Court had stated improperly "empowers a trial judge to deny absolutely the opportunity for any closing summation at all."  Herring, 422 U.S. at 863. However, Herring hardly supports Burrell's argument that "any curtailment" of closing is unconstitutional.  Although finding the New York statute improper, the Herring Court plainly stated that the trial judge had "broad discretion" in limiting closing:

> This is not to say that closing arguments in a criminal case must be uncontrolled or even unrestrained. The presiding judge must be and is given great latitude in controlling the duration and limiting the scope of closing summations.

Herring, 422 U.S. at 862.

The state court of appeals fairly characterized Burrell's argument thus: "Defendant bases his ineffective assistance of counsel claim on the fact that his attorney was not permitted to make closing arguments about the effect bankruptcy has on the debtor's ownership interest in real property." (Doc. 6, RX 7, at 8; Burrell, 2011 WL 5320668, at *3.)

The state court outlined the ordinary standard for reviewing an ineffective assistance claim:

> To substantiate a claim of ineffective assistance of counsel, a defendant must demonstrate that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N .E.2d 407. In State v. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if the defendant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

(Doc. 6, RX 7, at 8; Burrell, 2011 WL 5320668, at *3.) In the case of ineffective assistance of counsel, the normal showing is whether counsel's performance was deficient, and whether that deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. In this case, counsel's performance is not at issue; rather, it is the trial court's ruling as to the scope of closing argument.

The Supreme Court has expressly noted that alleged direct governmental interference with the right to counsel is a different matter. Perry v. Leeke, 488 U.S.

272, 279 (1989). The Court pointed out that "Government violates the right to effective assistance when it interferes in certain ways with the ability of counsel to make independent decisions about how to conduct the defense." Perry, 488 U.S. at 280 (quoting Strickland, 466 U.S. at 686, which cited Herring among other cases). Thus, the ordinary Strickland analysis is not appropriate here.

In ruling on Burrell's specific claim, the state court of appeals relied on state law:

> "The assessment of whether the permissible bounds of closing argument have been exceeded is, in the first instance, a discretionary function to be performed by the trial court. Such determination will not be reversed on appeal absent an abuse of discretion." Pang v. Minch (1990), 53 Ohio St.3d 186, 559 N.E.2d 1313, paragraph three of the syllabus. Further, "counsel in argument may persuade and advocate to the limit of his ability and enthusiasm so long as he does not misrepresent evidence or go beyond the limits of propriety set upon his arguments by the trial judge in his sound discretion." Hall v. Burkert (1962), 117 Ohio App. 527, 530–531, 193 N.E.2d 16.

(Doc. 6, RX 7, at 9; Burrell, 2011 WL 5320668, at *4.)

The court of appeals found that there was no evidence in the record that indicated that the bankruptcy trustee, rather than Ms. Woods, was the property owner, thus limitation on counsel's closing argument touching on this issue was not improper. (Doc. 6, RX 7, at 9-10; Burrell, 2011 WL 5320668, at *4.)

The state court of appeals based its ruling on state law, and did not address Herring v. New York, which had been invoked by Burrell. (Doc. 6, RX 5, at 13.) The question for this court, then, is whether the state court decision was contrary to clearly established Supreme Court precedent. Williams, 529 U.S. at 405, 412-413.

14

Although the state court relied on state law, the court did not apply a rule that contradicts the governing law set forth in Herring v. New York.  Williams, 529 U.S. at 405.  Herring is clear that the trial judge has broad discretion and great latitude in limiting the scope of closing argument.  Herring, 422 U.S. at 862.

The petition should not be granted on the second ground, because Burrell has failed to establish that the state court decision was contrary to, or an unreasonable application of, clearly established federal law.

## V.  SUMMARY

The petition for a writ of habeas corpus should be denied.  Burrell has failed to demonstrate that the state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.

## VI.  RECOMMENDATION

It is recommended that the petition be denied.

Dated:   Oct. 25, 2013                    /s/ Kenneth S. McHargh
                                          Kenneth S. McHargh
                                          United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file

15

objections within the specified time WAIVES the right to appeal the District Court's order. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).