UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                         :

RONALD BURRELL,                :          CASE NO. 1:12-CV-01875

                :

        Petitioner,         :

                :

  v.                    :          OPINION & ORDER

                :          [Resolving Docs. 1, 8, 11, and 12]

COURT OF COMMON PLEAS,   :

        Cuyahoga County,   :

                :

        Respondent.      :

                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      On July 20, 2012, Petitioner Ronald Burrell filed a petition for a writ of habeas corpus under

28 U.S.C. § 2254.[1] On July 23, 2012, Judge James Gwin referred the case to Magistrate Judge

Kenneth McHargh for the preparation of a Report and Recommendation.  For the reasons provided

below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES**

Petitioner Burrell's petition.

### I. Background

      Burrell seeks relief from the judgment and the sentence imposed following his 2011

conviction for burglary, theft, and tampering with records.[2]  Magistrate Judge McHargh

recommended that the Court deny the petition.[3]

---

[1] Doc. 1.

[2] Id.

[3] Doc. 8.

Case No. 1:12-CV-1875
Gwin, J.

Magistrate Judge McHargh described the factual and procedural background of this case.[4] Since Petitioner does not contest, dispute, or object to the Magistrate Judge's recitation of these facts and procedural background, they are incorporated into this opinion.

Petitioner Burrell objects to each and every adverse finding and recommendation made by Magistrate Judge McHargh and requests that the Court conduct a *de novo* review of the entire record.[5] Burrell also makes two specific objections: (1) insufficient evidence supported Petitioner's conviction and violated the Due Process Clause of the Fourteenth Amendment, and (2) that Petitioner was denied his Sixth Amendment right to the assistance of counsel.[6]

## II. Legal Standard

The Federal Magistrates Act requires a district court to "make a *de novo* determination of those portions of the [Report and Recommendation] or specified proposed findings or recommendations to which objection is made.  [The district court] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[7]   The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits federal-court review of a state prisoner's petition for habeas corpus.  A federal court may not grant relief on a claim adjudicated on the merits in state court unless the state-court adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application or, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the

---

[4] *Id.* at 1-5.

[5] Doc. 11.

[6] *Id.*

[7] 28 U.S.C. § 636(b)(1).

-2-

Case No. 1:12-CV-1875
Gwin, J.

facts in light of the evidence presented in the State court proceeding.[8]

"[F]ederal habeas corpus relief does not lie for errors of state law . . . ."[9]   In habeas proceedings, it "is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," rather a federal court must only determine "whether a conviction violated the Constitution, laws, or treaties of the United States,"[10] or "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States."[11]

With this in mind, the Court now turns to Burrell's petition.

### III. Analysis

Based on the standards of the Federal Magistrates Act, the Court is only required to conduct a *de novo* review of those portions of the Report and Recommendation to which the petitioner specifically objects.[12]   Therefore, the Court will consider the Magistrate Judge's treatment of Petitioner's two specific objections: (1) the evidence supporting Petitioner's conviction was insufficient and violated the Due Process Clause of the Fourteenth Amendment, and (2) that Petitioner was denied his Sixth Amendment right to the assistance of counsel.

**A. Petitioner's Objection Regarding His First Ground for Relief**

Petitioner Burrell objects to the Magistrate Judge's finding that his conviction did not violate due process under the Fourteenth Amendment.[13]      Burrell says the Magistrate Judge erred because "the [state-court adjudication] resulted in a decision that was based on an unreasonable determination

---

[8] 28 U.S.C. § 2254(d).
[9] *Lewis v. Jeffers*, 497 U.S. 764, 765 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984).
[10] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).
[11] *Williams v. Taylor*, 529 U.S. 362, 412-13 (2002) (alteration in the original) (citations omitted).
[12] 28 U.S.C. § 636(b)(1).
[13] Doc. 11.

-3-

Case No. 1:12-CV-1875
Gwin, J.

of the facts in light of the evidence presented in the State court proceeding."[14] Burrell complains that he should have received notice of who he was alleged to have deceived and that the individuals included in the indictment were not the same individuals that the state argued at trial that he deceived.

These arguments lose.  The state appellate court ruled that the statutory requirements were clear and that the theft need only be facilitated by deception of "another," resulting in Burrell's personal gain and depriving Anna Woods, the true owner, of her property.[15]  And, as the Magistrate Judge correctly found, the state court of appeals "found there was sufficient evidence from which a rational trier of fact could conclude that defendant committed the theft offense as charged."[16]  The indictment provided Burrell with sufficient notice of the charges against him,[17] and the state introduced sufficient trial evidence to support a conviction on these charges.[18] Thus, the state court's determination was not an unreasonable application of the facts and did not violate Burrell's constitutional rights.

The Court, therefore, overrules Burrell's first objection.

**B. Petitioner's Objection Regarding His Second Ground for Relief**

In his second objection, Petitioner Burrell objects to the Magistrate Judge's recommendation that the Court accept the Ohio court of appeals' finding that the state trial court's limitation on

---

[14] *Id*. at 1-3.

[15] Doc. 6-7 at 6.

[16] Doc. 8 at 11.

[17] *Williams v. Haviland*, 467 F.3d 527, 535 (6th Cir. 2006) (citing *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)) (holding "[f]air notice has been given when the offense [is] described with some precision and certainty so as to apprise the accused of the crime with which he stands charged").

[18] *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Case No. 1:12-CV-1875
Gwin, J.

Burrell's counsel's closing argument did not deny Burrell effective assistance of counsel.[19/] Burrell

says that the state trial court should have allowed his counsel to include "arguments about the effect

bankruptcy has on the debtor's ownership interest in real property" and that limiting counsel's

closing argument in this regard denied him effective assistance of counsel.[20/]

> This argument loses.  In its decision on this issue, the Ohio court of appeals held:

> The assessment of whether the permissible bounds of closing argument have been
> exceeded is, in the first instance, a discretionary function to be performed by the trial
> court.  Such determination will not be reversed on appeal absent an abuse of
> discretion."  Further, "counsel in argument may persuade and advocate to the limit
> of his ability and enthusiasm so long as he does not misrepresent evidence or go
> beyond the limits of propriety set upon his arguments by the trial judge in his sound
> discretion.[21/]

> In his objection, Burrell says that the Ohio court of appeals' decision runs contrary to the

Supreme Court rule enunciated in *Herring v. New York*.[22/]   *Herring* gives the trial judge "great

latitude in controlling the duration and limiting the scope of closing summations" and allows the

court to "limit counsel to a reasonable time," "terminate argument when continuation would be

repetitive or redundant," and "ensure that argument does not stray unduly from the mark, or

otherwise impede the fair and orderly conduct of the trial."[23/]

> The rule applied by the Ohio state court of appeals comports with the rule from *Herring*; trial

judges have broad discretion and great latitude in deciding whether to limit the scope of closing

argument.  Here, because counsel had introduced no evidence indicating the bankruptcy trustee,

---

[19/] Doc. 11 at 7-8.

[20/] Doc. 6-7 at 8.

[21/] *Id.* at 9 (internal citations omitted).

[22/] Doc. 11 at 8 (citing *Herring v. New York*, 422 U.S. 853, 858 (1975)).

[23/] *Herring*, 422 U.S. at 862.

Case No. 1:12-CV-1875
Gwin, J.

rather than Ms. Woods, was the property owner,[24] the trial court could reasonably limit defense counsel's argument relating to arguments about the effect bankruptcy has on the debtor's ownership interest..

Burrell points to no other federal case precedent to which the state court of appeals' decision runs counter.

Thus, the state trial court's actions did not result in a decision that was contrary to, or an unreasonable application of, clearly established federal law in violation of 28 U.S.C. § 2254(d)(1).

Therefore, the Court overrules  Burrell's second objection.

### IV. Conclusion

For these reasons, the Court overrules Burrell's objections, **ADOPTS** Magistrate Judge McHargh's recommendation, and **DENIES** Burrell's petition.   Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and no basis exists upon which to issue a certificate of appealability.[25]

IT IS SO ORDERED

Dated: April 10, 2014                                       s/          *James S. Gwin*
                                                                            JAMES S. GWIN
                                                                            UNITED STATES DISTRICT JUDGE

---

[24] Doc. 6-7 at 7-13.
[25] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).